NO. 8269

COURT OF APPEAL

PARISH OF ORLEANS

8269

4

———————

MRS. ADELINE JOHNSON, wife of

ROBERT JOHNSON

versus

VICTOR HURWITZ, conducting bus-

iness under the name and style

of V. HURWITZ & COMPANY.

———————

———————

Dinkelspiel; J.

8269

675

Dinkelspiel; J.

This suit is brought by the plaintiff who re-
sides in the Parish of Terrebonne, stating that her
son, Robert Johnson, Jr., and upon whom she was ac-
tually dependent for support was in the employ of
defendant on October 15th, 1919 and had been in said
employ as a laborer for several years prior to this
time, his wages being twelve dollars per week.

On the day mentioned and at the store of the
defendant which is on Royal Street in the City of
New Orleans, whilst working in a freight elevator,
which was unenclosed, he precipitated and fell from
said elevator, which in its transit had reached a point
between the second and third floors, to the ground
floor of said building and as the result of said fall
sustained a depressed fracture of the skull, a com-
pound fracture of the right radius or forearm and
ulna and a fracture of the right femur or hip and
from the effects of which injuries, died in the
Charity Hospital in New Orleans on the same day.

That the cause of the fall from the elevator
was that a piece of furniture then being carried on
said elevator, which had no sides and no gate or bar-
rier of any kind either on the front or rear thereof,
came in contact with the descending lifting weight
thereof, causing the said xxx piece of furniture to
fall striking petitioner's son, knocking him out of
said elevator and finally causing his death.

That said injuries were sustained by plaintiff's
son on account of his employment, which employment and
the duties incident thereto were of a hazardous nature
and that said injuries which resulted in and caused the
death of plaintiff's son were suffered and sustained
while in the course of his employment by defendant.

677

And further alleging that at the time of said injuries, plaintiff's son was making two dollars per day or twelve dollars per week and that under the provisions of Section 8, paragraph 2, subject paragraph G, of Act 20 of the General Assembly of this State, for the year 1914, as amended by Act 243 of 1916, as amended by Act 38 of the Acts of the General Assembly of 1918, plaintiff's son leaving surviving him, neither a widow nor children, plaintiff is entitled to receive twenty five per cent of the wages of her deceased son for a period of three hundred weeks, beginning October 15th, 1919, and which should be paid in regular form and according to law.

That defendant had full knowledge of said injuries and did from the time that it happened and although notified by of the death of plaintiff's son, refused to pay the compensation to which plaintiff was entitled by law.

Wherefore she prayed for judgment against defendant in the full sum of $900.00, in regular payments as the law provides and for general relief.

Defendant excepted to plaintiff's petition, that because being a married woman and her husband and father of her deceased son was living, she had not been authorized under the law to institute and prosecute this suit. That petition discloses no legal or valid cause of action.

Answering to the petition, requires strict proof that the deceased was the legitimate issue of the marriage between Robert Johnson, the husband, and that plaintiff was actually dependent upon the deceased for support.

Claims that defendant had no knowledge as to how deceased met his death but admits the death; admits also that the deceased was earning two dollars per day or twelve dollars per week at the time of the employment; admits that he has refused to pay the compensation claimed but avers that he has paid one hundred dollars

for funeral expenses of the deceased, for which he is entitled to credit, if liable in any event.

Wherefore he prays that the exceptions be maintained, and if overruled that after the trial on the merits, plaintiff's suit be dismissed and for general relief.

And examination of this record convinces us that plaintiff was the wife of Robert Johnson and they had been living apart for twenty years prior to institution of this suit; it further satisfies us that the deceased was the main support of plaintiff and he remitted to her regularly from his wages, from five to seven dollars per week during the entire time of his services with the defendant; it further satisfied us from the testimony that the deceased was a labor in defendant's employ at the time and for several years prior to the time of this unfortunate accident and was receiving wages at the rate of twelve dollars per week. It convinces us further that the accident occurred just as described in plaintiff's petition, that in the course of his employment, whilst in the discharge of his duties, he was knocked off of the elevator to the floor, sustaining injuries which finally resulted, the same day, in his death at the Charity Hospital in the City of New Orleans.

The fact of the employment admitted, gave plaintiff a right to compensation to the extent of twenty five per cent of her deceased son's wages for a period of three hundred weeks, and under Acts of 1914, 1916 and 1918, and under the testimony in this case/we are satisfied that plaintiff is entitled to the amount she claims.

There is nothing in our opinion for defendant to fear that if he pays this judgment that the husband of plaintiff would have been entitled to make the same claim against him; in fact the prescri.tion of one year has set in since these proceedings began.

In the argument before us in this case, our attention has been called to the further alleged fact that the amount involved is below our jurisdictional amount, because the amount of funeral expenses, attempted to be deducted by the defendant in this case being ninety eight dollars, would not entitle us to determine this case. We do not concur in this view for on the contrary this case under the Act above quoted and under the laws of this State was for the sum of $900.00, to be paid in due course as provided by law and we only consider one question to be decided, that being the one of deducting funeral expenses as prayed for by defendant.

The law is plain and reads:

Act 38 of the Legislature of 1918, Section 5, at page 56.

The employer shall in every case furnish the employee reasonable medical, surgical and hospital service and medicines not to exceed one hundred and fifty dollars in value, unless the employee refuses to allow them to be furnished by the employer, and in every case of death, the employer shall pay or cause to be paid the reasonable expenses of the burial of the employee, not exceeding one hundred dollars.

It leaves no room ax for doubt that in addition to the compensation required to be paid there also must be furnished to the injured party, medicines and other medical aid to the extent of one hundred fifty dollars and consequently in case of death funeral expenses not to exceed one hundred dollars.

Therefore the claim of defendant that the amount of ninety eight dollars for funeral expenses paid by him be allowed to him as a deduction from the amount that he owes under the law, must be denied.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court a quo should be xxxx amended and it is now ordered, adjudged and decreed, that same should be rendered in favor of Mrs. Adeline Johnson wife of Robert Johnson, affirming judgment in plaintiff's favor for the full amount of her claim against defendant, that is for $900.00, payable in weekly installments of three dollars per week for three hundred weeks and that judgment in favor of defendant deducting from said amount the sum of Ninety Eight Dollars for funeral expenses, be reversed; same disallowed, and as thus amended, judgment is affirmed, costs of both courts to be paid by the defendant.

Judgment, amended; partly affirmed;
partly reversed.